1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

MARK AGNES,

        Plaintiff,

   v.

NURSE JOSEPH, et al.,

        Defendants.

_____/

CASE NO.    1:10-cv-00807-OWW-GBC (PC)

ORDER REQUIRING PLAINTIFF TO EITHER FILE AN AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON COGNIZABLE EIGHTH AMENDMENT CLAIMS AGAINST DEFENDANTS JOSEPH AND DIXON

(ECF No. 1)

THIRTY DAY DEADLINE

## SCREENING ORDER

**I.    PROCEDURAL HISTORY**

Plaintiff Mark Agnes ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on May 10, 2010.  (ECF No. 1.)  No other parties have appeared.

Plaintiff's Complaint is now before the Court for screening.  For the reasons set forth below, the Court finds that Plaintiff has stated a cognizable claim upon which relief may be

1

granted, but has failed to provide sufficient facts to state any claims as to his remaining allegations.

## II.   SCREENING REQUIREMENTS

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).   While factual allegations are accepted as true, legal conclusions are not.  Iqbal, 129 S.Ct. at 1949.

## III.   SUMMARY OF COMPLAINT

Plaintiff brings this action for inadequate medical care in violation of the Eighth and

2

Fourteenth Amendments.  Plaintiff names the following individuals as Defendants: Nurse Joseph, Nurse Dixon, Dr. Aye, and Wasco State Prison Medical Service.

Plaintiff alleges as follows: On March 19, 2010, Plaintiff submitted a request to be seen by a doctor for his seizure disorder, sycope episodes, and torn sciotic nerve in his left leg.  In late March, Plaintiff was seen by Defendant Joseph who would not prescribe pain medication for Plaintiff's aliments.  Plaintiff suffered two mild seizures, numerous sycope episodes, and was in pain from his torn nerve.  Defendant Joseph denied Plaintiff's request to see a doctor.  A few days later, Plaintiff saw Defendants Joseph and Dixon, who both refused Plaintiff's request to see a doctor.  Defendant Dixon informed Plaintiff that his medical records were on their way.  Dixon then told Plaintiff that his records were lost. Plaintiff asked that they start a new medical record, Dixon refused and told him that Defendant Aye would not see him until his medical records were located.

On April 4, 2010, Plaintiff waited for two hours at medical, only to be told that his medical records could not be located.  Two days later, April 6, 2010, Plaintiff went back to medical and waited three hours only to, again, be told that his chart could not be located. Nineteen days passed before Plaintiff was seen by Defendant Aye on April 8, 2010.

Plaintiff seeks monetary damages.

**IV.  <u>ANALYSIS</u>**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

3

42 U.S.C. § 1983.  "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws."  Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).

### A.   Eighth Amendment Claims

Plaintiff alleges inadequate medical care and deliberate indifference to his serious injury.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'"  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent."  Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference."  Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060).  In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be

substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."  Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).  "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."  Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin, 974 F.2d at 1050, overruled on other grounds, WMX, 104 F.3d at 1136.  Even gross negligence is insufficient to establish deliberate indifference to serious medical needs.  See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Also, "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim."  Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted).  To prevail, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health."  Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).  A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference.  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Plaintiff states that, after requesting medical services, he was repeatedly denied any care because his medical records could not be located.  He was denied medical care by Defendants Dixon and Joseph.  However, he was eventually seen by Defendant Aye.  During the nineteen days between Plaintiff's medical services request and being seen by

Defendant Aye, Plaintiff states that he suffered seizures, sycope episodes, and was in extreme pain in his left leg due to a torn nerve.  Plaintiff states that he made both Defendant Joseph and Dixon aware of his aliments and that he was suffering extreme pain.

Plaintiff has stated a cognizable claim against Defendants Joseph and Dixon.  As currently pleaded, Plaintiff has demonstrated that Defendants Joseph and Dixon had knowledge of and were then deliberately indifferent to his serious medical need.  Defendants Joseph's and Dixon's repeated denials of care demonstrate deliberate indifference.  Plaintiff explained to them his aliments and that he was in pain, yet they did not offer care, but only informed him that he would not be seen by a doctor until his medical records were located.  Thus, Plaintiff has stated a claim against Defendants Joseph and Dixon for deliberate indifference to a serious medical need.

However, Plaintiff fails to demonstrate an Eighth Amendment violation by Defendants Aye or Wasco State Prison Medical Service.  Plaintiff does not state that these Defendants were aware of his conditions or that Plaintiff had made a request for medical care.  Plaintiff fails to demonstrate the requisite knowledge and subsequent deliberate indifference to a serious medical need.  The Court will grant Plaintiff leave to amend.  If Plaintiff chooses to amend, in his amended complaint, he must describe in greater detail how Defendants Aye and Wasco State Prison Medical Service were deliberately indifferent to his medical needs.

### B.   Due Process Claims

Plaintiff states that his due process rights have also been violated.  However, this argument is unclear to the Court.  If Plaintiff chooses to amend this claim, he should keep

6

the following in mind.

"[W]here a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims." Patel v. Penman, 103 F.3d 868, 874 (9th Cir. 1996) (citations, internal quotations, and brackets omitted), overruling on other grounds recognized by Nitco Holding Corp. v. Boujikian, 491 F.3d 1086, 1089-90 (9th Cir. 1997).

The Court finds that the Due Process Clause of the Fourteenth Amendment does not provide any additional substantive protection than the Eighth Amendment with respect to Plaintiff's inadequate medical treatment claims.  Accordingly, the Court finds that the Fourteenth Amendment does not provide an alternative basis for relief for Plaintiff's claims. See Whitley v. Albers, 475 U.S. 312, 327 (1986) (Due Process Clause does not provide an alternative or greater source of relief for claims where Eighth Amendment serves as primary source of substantive protection to convicted prisoners).

## C.   Personal Participation and Supervisory Liability

Plaintiff appears to be arguing that several Defendants (Defendant Aye and Wasco State Prison Medical Service) are liable for the conduct of their subordinates as neither of them were present or participated in the complained of conduct as currently described by Plaintiff.

Under Section 1983, Plaintiff must demonstrate that each named Defendant personally participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  The Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer.

7

1   Iqbal, 129 S.Ct. at 1949.   "Government officials may not be held liable for the

2   unconstitutional conduct of their subordinates under a theory of respondeat superior."   Id.

3   at 1948.  Rather, each government official, regardless of his or her title, is only liable for

4   his or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant,

5   through his or her own individual actions, violated Plaintiff's constitutional rights.  Id. at

6   1948-49.

7

8   When examining the issue of supervisor liability, it is clear that the supervisors are

9   not subject to vicarious liability, but are liable only for their own conduct.  Jeffers v. Gomez,

10  267 F.3d 895, 915 (9th Cir. 2001); Wesley v. Davis, 333 F.Supp.2d 888, 892 (C.D.Cal.

11  2004).  In order to establish liability against a supervisor, a plaintiff must allege facts

12  demonstrating (1) personal involvement in the constitutional deprivation, or (2) a sufficient

13  causal connection between the supervisor's wrongful conduct and the constitutional

14  violation.  Jeffers, 267 F.3d at 915; Wesley, 333 F.Supp.2d at 892.  The sufficient causal

15  connection may be shown by evidence that the supervisor implemented a policy so

16  deficient that the policy itself is a repudiation of constitutional rights.  Wesley, 333

17  F.Supp.2d at 892 (internal quotations omitted).  However, an individual's general

18  responsibility for supervising the operations of a prison is insufficient to establish personal

19  involvement.  Id. (internal quotations omitted).

20

21  Supervisor liability under Section 1983 is a form of direct liability.  Munoz v.

22  Kolender, 208 F.Supp.2d 1125, 1149 (S.D.Cal. 2002).  Under direct liability, Plaintiff must

23  show that Defendant breached a duty to him which was the proximate cause of his injury.

24  Id.  "'The requisite causal connection can be established . . . by setting in motion a series

25  of acts by others which the actor knows or reasonably should know would cause others to

8

inflict the constitutional injury.'" Id. (quoting Johnson v. Duffy, 588 F.2d 740, 743-744 (9th Cir. 1978)). However "where the applicable constitutional standard is deliberate indifference, a plaintiff may state a claim for supervisory liability based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by others." Star v. Baca, ___ F.3d ___, 2011 WL 477094, *4, (9th Cir. Feb. 11, 2011).

Plaintiff has not alleged facts demonstrating that Defendants Aye and Wasco State Prison Medical Service personally acted to violate his rights. If Plaintiff chooses to amend and include these Defendants, he needs to specifically link each Defendant to a violation of his rights.

## V.   CONCLUSION AND ORDER

The Court finds that Plaintiff's Complaint has stated cognizable claims against Defendants Joseph and Dixon for violations of the Eighth Amendment. However, Plaintiff's Complaint fails to state any other claims upon which relief may be granted. Because it appears that Plaintiff may be able to amend at least some of his remaining claims to cure the deficiencies identified by the Court in this Order, the Court will grant Plaintiff one additional opportunity to amend his claims.

If Plaintiff does not wish to file an Amended Complaint and is agreeable to proceeding only on the claims found to be cognizable by the Court in this Order, Plaintiff may so notify the Court in writing. If the Court receives such notice, it will dismiss the non-cognizable claims and the Defendants against whom no cognizable claims are pleaded, and service of process will be initiated against Defendants Joseph and Dixon.

If Plaintiff opts to amend, he must demonstrate how the alleged incident resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set

forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" <u>Iqbal</u>, 129 S.Ct. at 1949 (quoting <u>Twombly</u>, 550 U.S. at 555).  Plaintiff must also demonstrate that each defendant personally participated in the deprivation of his rights.  <u>Jones v. Williams</u>, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new defendants or claims.  Plaintiff should focus the amended complaint on claims and defendants relating only to issues arising out of the incidents described herein.

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, <u>Forsyth v. Humana, Inc.</u>, 114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." <u>King</u>, 814 F.2d at 567 (citing to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); <u>accord</u> <u>Forsyth</u>, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1.      The Clerk's Office shall send Plaintiff a civil rights complaint form;

2.      Within thirty (30) days from the date of service of this order, Plaintiff must either:

   a.      File an amended complaint curing the deficiencies identified by the Court in this order and captioned "Amended Complaint" referring to the case number 1:10-cv-807-OWW-GBC (PC), or

   b.      Notify the Court in writing that he does not wish to file an amended

10

complaint and wishes to proceed only against Defendants Joseph and

Dixon;  and

3.      If Plaintiff fails to comply with this order, this action will be dismissed for

failure to obey a court order.

IT IS SO ORDERED.

Dated:    April 28, 2011

UNITED STATES MAGISTRATE JUDGE

11