# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK AGNES,<br><br>        Plaintiff,<br><br>  v.<br><br>NURSE JOSEPH, et al.,<br><br>        Defendants.<br>_____/ | CASE NO.   1:10-cv-00807-LJO-GBC (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DEFENDANT JOSEPH'S MOTION TO DISMISS BE DENIED<br><br>(ECF No. 18)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

**FINDINGS AND RECOMMENDATION**

I.  **PROCEDURAL HISTORY**

Plaintiff Mark Agnes ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before this Court is a Motion to Dismiss filed by Defendant Joseph.  (ECF No. 18.)  Plaintiff filed an Opposition on August 23, 2011.  (ECF No. 22.)  No reply was filed.

This action proceeds on Plaintiff's Complaint filed May 10, 2010.  (ECF No. 1.)  On April 28, 2011, this Court screened Plaintiff's Complaint finding that it stated a cognizable claim for relief against Defendants Joseph and Dixon for deliberate indifference to his

1

serious medical need in violation of the Eighth Amendment.[1]

## II. ARGUMENT

In the instant Motion, Defendant argues that Plaintiff failed to exhaust his administrative remedies before filing this action. Defendant states that Plaintiff did file several informal appeals concerning a delay in medical treatment, however, he failed to pursue any of the appeals to the third level of review. (ECF No. 18-1, p. 3.) Defendant states that Plaintiff filed informal appeals on both April 2, 2010 and April 5, 2010. (Id.) These two appeals were granted, or partially, granted because Plaintiff was scheduled to see the doctor. (Id.) Plaintiff also filed three additional informal appeals on April 5, 2010 and April 9, 2010. (Id.) These appeals were screened out as duplicative. (Id.) As such, none of Plaintiff's appeals were pursued to the third level of review. Thus, Defendant argues, Plaintiff failed to exhaust his administrative remedies before filing this action.

Defendant further argues that Plaintiff cannot rely on Brown v. Valoff, 422 F.3d 926 (9th Cir. 2005). The Brown Court held "that a prisoner need not press on to exhaust further levels of review once he has . . . received all 'available' remedies at an intermediate level of review . . . ." Id. at 935. The plaintiff in Brown appealed his grievance to the second level of review, where he then received partial relief. He also received notification indicating that further appeal was not necessary. The Brown Court stated that prison officials had a full opportunity to consider and investigate the grievance before the action was filed and that the plaintiff had no obligation to pursue the third level of appeal before filing suit. Id. at 940.

---

[1] Defendant Dixon has not yet been served in this action.

2

Here, Defendant argues that Brown does not apply because prison officials did not have any opportunity to consider and investigate Plaintiff's grievance before suit was filed. Plaintiff only filed informal appeals, which were resolved by a staff member at that level. He never filed a formal first level review which means that prison officials were never made aware of Plaintiff's grievance and, thus, never had the opportunity to address or investigate it.

In his Opposition, Plaintiff states that his appeals were granted at the informal level and that he was satisfied with the remedy. Thus, he argues, that because his appeals were granted at the informal level and he was satisfied with the remedy, he was not required to appeal further as there was no other remedy he was seeking.

## III.    LEGAL STANDARD

"The Prison Litigation Reform Act [("PLRA")] requires that a prisoner exhaust available administrative remedies before bringing a federal action concerning prison conditions." Griffin v. Arpaio, 557 F.3d 1117, 1119 (9th Cir. 2009) (citing 42 U.S.C. § 1997e(a)); Brown v. Valoff, 422 F.3d 926, 934 (9th Cir. 2005) (quoting Porter v. Nussle, 534 U.S. 516, 525 n.4 (2002)) (The PLRA "creates 'a general rule of exhaustion' for prisoner civil rights cases."). "'[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.'" Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002) (quoting Porter, 534 U.S. at 532); accord Roles v. Maddox, 439 F.3d 1016, 1018 (9th Cir.), cert. denied, 549 U.S. 905 (2006). The PLRA's "exhaustion requirement is mandatory." McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam); accord Jones v. Bock, 549 U.S. 199, 211 (2007) ("There is no question that

exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."); see also Panaro v. City of North Las Vegas, 432 F.3d 949, 954 (9th Cir. 2005) (The PLRA "represents a Congressional judgment that the federal courts may not consider a prisoner's civil rights claim when a remedy was not sought first in an available administrative grievance procedure."). Even if the prisoner seeks monetary or other relief that is unavailable through the grievance system in question, the prisoner must still first exhaust all available administrative remedies. See Booth v. Churner, 532 U.S. 731, 741 (2001) ("[W]e think that Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures.").

While the PLRA requires "proper" exhaustion of available administrative remedies, Woodford v. Ngo, 548 U.S. 81, 93 (2006), it does not define the boundaries of proper exhaustion. See Jones, 549 U.S. at 218. Rather, "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules[.]" Woodford, 548 U.S. at 90. "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones, 549 U.S. at 218; see, e.g., Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009, as amended June 5, 2009) (per curiam) ("The California prison system's requirements define the boundaries of proper exhaustion.") (internal quotation marks and citation omitted). Absent a prison grievance procedure mandating the naming of each individual involved, a prisoner need not identify all of the defendants later named in a lawsuit during the administrative grievance process. Jones, 549 U.S. at 218.

The PLRA's exhaustion requirement is not jurisdictional; rather, it creates an

4

affirmative defense that a defendant may raise in an unenumerated Rule 12(b) motion. See Jones, 549 U.S. at 213-14; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir.), cert. denied, 540 U.S. 810 (2003). The defendant bears the burden of raising and proving the absence of exhaustion. Wyatt, 315 F.3d at 1119. Specifically, the defendant must show that some administrative relief remains available to the plaintiff "whether at unexhausted levels of the grievance process or through awaiting the results of the relief already granted as a result of that process." Brown, 422 F.3d at 936-37. In deciding a motion to dismiss for failure to exhaust, a court may "look beyond the pleadings and decide disputed issues of fact." Wyatt, 315 F.3d at 1119-20. When a prisoner has not exhausted administrative remedies on a claim, "the proper remedy is dismissal of the claim without prejudice." Id. at 1120. However, dismissal of the entire complaint is not required when a prisoner has exhausted some, but not all, of the claims included in the complaint. See Jones, 549 U.S. at 223-24.

California provides its inmates and parolees the right to appeal administratively the alleged misconduct of correctional officers and "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15, § 3084.1(a), (e). In order to exhaust administrative remedies within this system, a prisoner normally must proceed through four levels: (1) initiation of informal resolution through submission of a CDC form describing the problem and the action requested; (2) first level formal written appeal to the prison's appeals coordinator; (3) second level formal appeal to the institution's warden or designee; and (4) third level formal appeal to the CDCR Director ("Director's Level"). Id. § 3084.5; see Woodford, 548 U.S. at 90-91 (California prisoners are required to use the process established by Cal. Code

Regs., tit. 15 §§ 3084.1, 3084.2-3084.6 in order to satisfy 42 U.S.C. § 1997e(a)); Porter, 534 U.S. at 532 (the exhaustion requirement is mandatory and applies to all prisoner suits relating to prison life that do not implicate the duration of the prisoner's sentence).

## IV. ANALYSIS

It is apparent from the record that Plaintiff filed multiple grievances and informal appeals between April 2, 2010 and April 9, 2010.  (ECF No. 18-1, p. 6.)  It is undisputed that Plaintiff failed to pursue any of the informal appeals through the third level of review. It is also undisputed that several of Plaintiff's informal appeals were granted, he received the remedy he was requesting—to be seen by a doctor.

Thus, the only argument is whether Plaintiff's appeals being granted at the informal level satisfied the exhaustion requirement.  Defendant claims that because Plaintiff did not pursue any appeals beyond the informal level, prison officials did not receive the opportunity to address or investigate the appeal, which is the basis for the appeal process.

In Harvey v. Jordan, 605 F.3d 681 (9th Cir. 2010), the Court, addressing a similar argument, stated that "[a]n inmate has no obligation to appeal from a grant of relief, or a partial grant that satisfies him, in order to exhaust his administrative remedies." Id. at 685. The plaintiff in Harvey was satisfied by the first response received and did not continue to pursue his appeal.  Id. at 684-85.

Here, several of Plaintiff's appeals were granted at the informal level.  The responses stated that Plaintiff's request was granted, that they were locating his chart, that he was to be seen within the week by a doctor, and that Plaintiff was seen and treated. (ECF No. 18-1, pp. 7 & 9.)  Plaintiff did not pursue it further.

Defendant's argument that prison officials did not get the opportunity to address the

issues because the appeals were resolved at the informal level is not persuasive. In his grievance, Plaintiff stated that he was being denied medical care by Defendants Dixon and Joseph. The fact that no action was taken by prison officials regarding this section of the complaint appears to be an oversight by prison officials.[2] Plaintiff notified them of the problems in his grievance and he was granted the relief requested. See Jones v. Pleasant Valley State Prison, 2010 WL 2197655 (E.D.Cal. May 28, 2010) (partial grant of informal appeals satisfied exhaustion requirement).

Further, it appears that Plaintiff did attempt to re-raise his issues with Defendants Dixon and Joseph in his appeals filed April 5, 2010 and April 9, 2010. However, these appeals were screened out as duplicative of the earlier appeals. The screening-out action seems to indicate that Plaintiff had no further remedies available to him to pursue his claims against Defendants. See Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009).

Thus, Defendant has failed to demonstrate that some administrative relief remained available to Plaintiff. Accordingly, the Court finds that Plaintiff did not have any obligation to pursue additional levels of review.

## V.  CONCLUSION AND RECOMMENDATION

Therefore, the Court HEREBY RECOMMENDS that Defendant's Motion to Dismiss for failure to exhaust be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).

---

[2] The Court notes that there is no language regarding appeal in the informal review section of the grievance. The statements that the appeal was granted could indicate that no further review is necessary, or, perhaps, available.

7

Within thirty (30) days after being served with these Findings and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: September 16, 2011

UNITED STATES MAGISTRATE JUDGE