UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK AGNES, | CASE NO. 1:10-cv-00807-LJO-GBC (PC) |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS |
| v. | (ECF No. 26) |
| NURSE JOSEPH, et al., | |
| Defendants. | |

**I.     Procedural History**

Plaintiff Mark Agnes ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's Complaint filed May 10, 2010.  (ECF No. 1.)  On April 28, 2011, this Court screened Plaintiff's Complaint finding that it stated a cognizable claim for relief against Defendants Joseph and Dixon for deliberate indifference to his serious medical need in violation of the Eighth Amendment.  On August 15, 2011, Defendant Joseph ("Defendant") filed a motion to dismiss.  (ECF No. 18).  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and


Local Rule 302. On September 16, 2011, the Magistrate Judge filed a Findings and Recommendations herein which was served on the parties which contained notice that any objections to the Findings and Recommendations were to be filed within thirty days. (ECF No. 26). On October 17, 2011, Defendant filed objections.

## II.     Review of Objections

Defendant's argument entails that administrative remedies can never be exhausted at the informal level since the boilerplate language in section D on the informal complaint form states that if the prisoner is dissatisfied, they can appeal to the formal level within fifteen days of receiving a response at the informal level. Defendant's argument is unpersuasive. First the operative language is "if you are dissatisfied" and if a prisoner gets the desired outcome at the informal level and is satisfied, then it does not make sense to appeal to the formal level. Then Defendant points to the fact that Plaintiff's subsequent grievances were screened out as duplicative and argues that the subsequent grievances demonstrates that Plaintiff was not satisfied and should have filed a formal appeal. At the heart of this argument is what to do in situations where a prisoner can initially receive a satisfactory response, rely on it and then the satisfactory response is not carried out. How long must a prisoner wait in good faith for the satisfactory response to be carried out and what should a prisoner do when the satisfactory response is not carried out? It does not seem reasonable to demand that a prisoner file a formal complaint just to have it screened out as untimely simply because the prisoner relied on the assurances of prison officials that he would receive a satisfactory response. Such reasoning contradicts the Ninth Circuit findings in *Harvey v. Jordan*, 605 F.3d 681, 685 (9th Cir. 2010).

///

### III.   Conclusion and Order

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of this case.  Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that Defendant's motion to dismiss, filed August 15, 2011, be DENIED.  (ECF. No. 18).

IT IS SO ORDERED.

Dated:   October 20, 2011                              /s/ Lawrence J. O'Neill
                                                    UNITED STATES DISTRICT JUDGE