# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK AGNES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NURSE JOSEPH, et al.,<br><br>　　　　Defendants.<br>_____/ | CASE: 1:10-cv-00807-LJO-GBC (PC)<br><br>ORDER DENYING MOTIONS FOR APPOINTMENT OF COUNSEL AND FINDING MOTION FOR THIRD ATTEMPT OF SERVICE ON DEFENDANT DIXON AS MOOT<br><br>Docs. 35, 36 |

　　On May 10, 2010, Plaintiff Mark Agnes ("Plaintiff"), a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging Eighth Amendment deliberate indifference to serious medical need against Defendants Nurse Joseph and Nurse Dixon. Doc. 1.

　　On February 28, 2012 and April 13, 2012, Plaintiff filed a motion seeking the appointment of counsel. Docs. 35, 36. Plaintiff also moved for a third attempt of service on Defendant Dixon. Doc. 35. On June 13, 2012, the U.S. Marshal returned a third service attempt as unexecuted on Defendant Dixon. Doc. 37. Therefore, Plaintiff's motion for service of Defendant Dixon is moot for review.

　　Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to § 1915(e)(1). *Rand*, 113 F.3d at 1525.

1    Without a reasonable method of securing and compensating counsel, the Court will seek
2 volunteer counsel only in the most serious and exceptional cases. In determining whether
3 "exceptional circumstances exist, the District Court must evaluate both the likelihood of success of
4 the merits [and] the ability of the [Plaintiff] to articulate his claims *pro se* in light of the complexity
5 of the legal issues involved." *Id*.

6    In the present case, the Court does not find the required exceptional circumstances. Even if
7 it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations
8 which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with
9 similar cases almost daily. Further, at this early stage in the proceedings, the Court cannot make a
10 determination that Plaintiff is likely to succeed on the merits, and based on a review of the record
11 in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. *Id*.

12    For the foregoing reasons, Plaintiff's motion for the appointment of counsel is HEREBY
13 DENIED, without prejudice.

14    The Court finds Plaintiff's motion for service of Defendant Dixon as MOOT.

15 IT IS SO ORDERED.

16 Dated:    July 12, 2012
17                                         UNITED STATES MAGISTRATE JUDGE