# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK AGNES, | CASE NO. 1:10-cv-00807-LJO-GBC (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO COMPEL |
| v. | Doc. 42 |
| NURSE JOSEPH, et al., | |
| Defendants. | |

## I. Procedural History

On May 10, 2010, Plaintiff Mark Agnes ("Plaintiff"), a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. Doc. 1. On April 28, 2011, Plaintiff notified the Court of willingness to proceed on his cognizable claim against Defendants Nurse Joseph and Nurse Dixon ("Defendants") for Eighth Amendment deliberate indifference to medical need and to dismiss all other remaining claims and defendants. Docs. 11, 12.

On June 10, 2011, the Court directed the United States Marshal Service ("USMS") to initiate service of process on Defendants. Doc. 16. On July 7, 2011, the USMS returned service unexecuted as to Defendant Dixon. Doc. 17. On August 3, 2011, Defendant Joseph executed a waiver of service. Doc. 21. On September 1, 2011, the Court ordered Plaintiff to furnish further information for initiation of service of process as to Defendant Dixon. Doc. 23. On September 9, 2011, Plaintiff submitted a response, providing further information for initiation of service of process as to Defendant Dixon. Doc. 25. On September 20, 2011, the Court issued an order directing the USMS to make a second attempt to serve Defendant Dixon. Doc. 27. On October 31, 2011, the USMS

returned service unexecuted as to Defendant Dixon. Doc. 30. On November 2, 2011, Defendant Joseph filed an answer to the complaint. Doc. 31. On November 16, 2011, the Court issued an order directing the USMS to make a third attempt to serve Defendant Dixon and to contact Legal Affairs Division of CDCR in attempting to execute service. Doc. 33. On June 13, 2012, the USMS returned service unexecuted as to Defendant Dixon. Doc. 37. In the first and second returns of unexecuted service, the USMS noted that Defendant Dixon was not employed and not in the CDCR database. Docs. 17, 30. In the third return of unexecuted service, the USMS noted that they contacted Legal Affairs and that the last known address had been vacant for six (6) months and no forwarding information was available. Doc. 37. On July 12, 2012, the undersigned issued findings and recommendations, recommending that Defendant Dixon be dismissed from this action, without prejudice, for Plaintiff's failure to serve within the 120-day period prescribed by Rule 4(m). Doc. 39. On August 16, 2012, the District Judge declined to adopt the findings and recommendations, ordered Plaintiff to submit identifying information as to Defendant Dixon, and permitted Plaintiff to engage in discovery. Doc. 41.

On August 29, 2012, Plaintiff submitted the same identifying information he provided on September 9, 2011, and the same information that the Court has provided to the USMS in the last two orders of service. Docs. 25, 27, 33, 43. On August 29, 2012, Plaintiff also filed a motion to compel. Doc. 42. Defendant Joseph did not respond to the motion to compel. This matter is deemed submitted pursuant to Local Rule 230(l).

## II. Analysis

In Plaintiff's motion to compel, Plaintiff does not state that he made the requests to Defendant Joseph prior to filing a motion to compel. Mot. Compel at 1, Doc. 42. Under Rule 37 of the Federal Rules of Civil Procedure, the court may order a party to provide further responses to "an evasive or incomplete disclosure, answer, or response." *See* Fed. R. Civ. P. 37(a)(3).

Plaintiff makes no representation that he served discovery requests on Defendant Joseph prior to the filing of his motion to compel. Thus, Plaintiff did not follow the proper procedure in accordance with Federal Rule of Civil Procedure 37(a)(3).

//

### III. Conclusion

The Court finds that Plaintiff did not demonstrate that he submitted a request for discovery from Defendant Joseph prior to filing his motion to compel.

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion to compel is DENIED.

IT IS SO ORDERED.

Dated:   November 6, 2012

UNITED STATES MAGISTRATE JUDGE