# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK AGNES, | CASE NO. 1:10-cv-00807-LJO-GBC (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF DEFENDANT DIXON, WITHOUT PREJUDICE, FOR FAILURE TO SERVE PURSUANT TO FEDERAL OF CIVIL PROCEDURE 4(M) |
| v. | |
| NURSE JOSEPH, et al., | |
| Defendants. | |
| _____ / | OBJECTIONS DUE WITHIN 15 DAYS |

**Findings And Recommendations**

**I. Procedural History**

On May 10, 2010, Plaintiff Mark Agnes ("Plaintiff"), a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. Doc. 1. On April 28, 2011, Plaintiff notified the Court of willingness to proceed on his cognizable claim against Defendants Nurse Joseph and Nurse Dixon ("Defendants") for Eighth Amendment deliberate indifference to medical need and to dismiss all other remaining claims and defendants. Docs. 11, 12.

On June 10, 2011, the Court directed the United States Marshal Service ("USMS") to initiate service of process on Defendants. Doc. 16. On July 7, 2011, the USMS returned service unexecuted as to Defendant Dixon. Doc. 17. On August 3, 2011, Defendant Joseph executed a waiver of service. Doc. 21. On September 1, 2011, the Court ordered Plaintiff to furnish further information for initiation of service of process as to Defendant Dixon. Doc. 23. On September 9, 2011, Plaintiff submitted a response, providing further information for initiation of service of process as to Defendant Dixon. Doc. 25. On September 20, 2011, the Court issued an order directing the USMS

to make a second attempt to serve Defendant Dixon. Doc. 27. On October 31, 2011, the USMS returned service unexecuted as to Defendant Dixon. Doc. 30. On November 2, 2011, Defendant Joseph filed an answer to the complaint. Doc. 31. On November 16, 2011, the Court issued an order directing the USMS to make a third attempt to serve Defendant Dixon and to contact Legal Affairs Division of CDCR in attempting to execute service. Doc. 33. On June 13, 2012, the USMS returned service unexecuted as to Defendant Dixon. Doc. 37. In the first and second returns of unexecuted service, the USMS noted that Defendant Dixon was not employed and not in the CDCR database. Docs. 17, 30. In the third return of unexecuted service, the USMS noted that they contacted Legal Affairs and that the last known address had been vacant for six (6) months and no forwarding information was available. Doc. 37.

On July 12, 2012, the undersigned issued findings and recommendations, recommending that Defendant Dixon be dismissed from this action, without prejudice, for Plaintiff's failure to serve within the 120-day period prescribed by Rule 4(m). Doc. 39. On August 16, 2012, the District Judge declined to adopt the findings and recommendations, ordered Plaintiff to submit identifying information as to Defendant Dixon, and permitted Plaintiff to engage in discovery. Doc. 41.

On August 29, 2012, Plaintiff submitted the same identifying information he provided on September 9, 2011, and the same information that the Court has provided to the USMS in the last two orders of service. Docs. 25, 27, 33, 43. On August 29, 2012, Plaintiff also filed a motion to compel. Doc. 42. Defendant Joseph did not respond to the motion to compel. In a separate order, the undersigned denied Plaintiff's motion to compel since Plaintiff did not serve discovery requests on Defendant Joseph prior to filing his motion to compel. *See* Fed. R. Civ. P. 37(a)(3).

## II. Analysis

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the Court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(2). "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and . . . should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'" *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting *Puett v. Blandford*, 912 F.2d 270, 275 (9th

Cir. 1990)), *abrogated in part on other grounds*, *Sandin v. Conner*, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the Marshal's failure to effect service is 'automatically good cause . . . '" *Walker*, 14 F.3d at 1422 (quoting *Sellers v. United States*, 902 F.2d 598, 603 (7th Cir.1990)). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate. *Walker*, 14 F.3d at 1421-22.

In the first and second returns of unexecuted service, the USMS noted that Defendant Dixon was not employed and not in the CDCR database. Docs. 17, 30. In the third return of unexecuted service, the USMS noted that they contacted Legal Affairs and that the last known address had been vacant for six (6) months and no forwarding information was available. Doc. 37.

Pursuant to Rule 4(m),

> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). The District Judge provided Plaintiff with the additional opportunity to submit identifying information as to Defendant Dixon and to engage in discovery from Defendant Joseph. Doc. 41. On August 29, 2012, Plaintiff submitted the same identifying information he provided on September 9, 2011, and the same information that the Court has provided to the USMS in the last two orders of service. Docs. 25, 27, 33, 43. On August 29, 2012, Plaintiff also filed a motion to compel. Doc. 42. Defendant Joseph did not respond to the motion to compel. In a separate order, the undersigned denied Plaintiff's motion to compel since Plaintiff did not serve discovery requests on Defendant Joseph prior to filing his motion to compel. *See* Fed. R. Civ. P. 37(a)(3). More than sixteen (16) months have passed since the Court's June 10, 2011 Order directing service on Defendants. Doc. 16. The Court finds that based on the information provided by the USMS, the avenues available in attempting to locate and serve Defendant Dixon have been exhausted, and no good cause remains to extend the service period. *Walker*, 14 F.3d at 1421-22.

//

### III. Conclusion and Recommendation

Accordingly, it is HEREBY RECOMMENDED that Defendant Dixon be dismissed from this action, without prejudice, and toll the applicable statue of limitations for any new action that Plaintiff might file for the duration of this case, for failure to serve within the 120-day period prescribed by Rule 4(m) of the Federal Rules of Civil Procedure.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fifteen (15) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     November 6, 2012

UNITED STATES MAGISTRATE JUDGE